**THE ROSEN LAW FIRM, P.A.**
Joshua Baker, Esq. (BBO #695561)
Laurence M. Rosen, Esq. (*pro hac vice* to be submitted)
Phillip Kim, Esq. (*pro hac vice* to be submitted)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: jbaker@rosenlegal.com
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW DECKER, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SYMBOTIC INC., RICHARD B. COHEN, MARIA G. FREVE, and CAROL HIBBARD,<br><br>    Defendants. | **CASE No.: 1:24-cv-12976-DJC**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JOSEPH DE JOHN TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**<u>CLASS ACTION</u>** |

Movant Joseph De John ("Movant") respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of securities of Symbotic Inc. ("Symbotic" or the "Company") between February 8, 2024, and November 26, 2024, both dates inclusive (the "Class Period"); and

(b)    approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.[1]

## INTRODUCTION AND BACKGROUND

On December 3, 2024, this action was commenced against the Company, Richard B. Cohen, Maria G. Freve, and Carol Hibbard ("Defendants") for violations under the Exchange Act.

That same day, Rosen Law Firm issued an early notice pursuant to the PSLRA advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1, filed herewith.

Defendant Symbotic is an automation technology company which engages in the production of a robotics and automation-based product movement technology platform. The complaint alleges that during the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) Symbotic improperly accelerated revenue recognition in its 2024 financial statements; and (2) as a result, defendants'

---

[1] As stated in the Motion, given the nature of this type of motion, which can be brought by any investor irrespective of whether they have filed a complaint, counsel for Movant respectfully request leave from compliance with Local Civil Rule 7.1(a)(2) since it was unknown at the time of filing whether or which other investors intended to move this Court seeking similar relief.

statements about Symbotic's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

Then, on November 27, 2024, the Company filed with the SEC a filing notice on Form 8-K/A, which stated the following:

> [T]he Company identified errors in its revenue recognition related to cost overruns on certain deployments that will not be billable, which additionally impacted system revenue, income (loss) before income tax, net income (loss) and gross margin recognized in the second, third, and fourth quarters of fiscal year 2024. The Company, on the recommendation of the Audit Committee of the Company's Board of Directors, determined to also correct these errors in the previously issued unaudited interim financial statements for the second and third quarters of fiscal year 2024 that were previously filed in the Fiscal 2024 Form 10-Qs. In addition, the financial information included in the Company's earnings press release for the fourth quarter and fiscal year 2024, issued on November 18, 2024, as well as the Company's supplemental presentation issued on November 18, 2024, will be corrected in the Company's Annual Report on Form 10-K for the fiscal year ended September 28, 2024 (the "2024 Form 10-K"). The Company's previously issued financial statements for these periods, including the financial information included in the Company's earnings press release for the fourth quarter and fiscal year 2024 and the Company's supplemental presentation, should therefore no longer be relied upon.

> The Company's management has identified in its preliminary assessment of internal control over financial reporting for the fiscal year ended September 28, 2024 certain material weaknesses. The Company is implementing measures designed to improve internal control over financial reporting to remediate these material weaknesses.

On this news, the price of Symbotic's stock went down by $13.41, or 35.8%, to close at $24.00 per share on November 27, 2024. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the

3

date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses."

4

*Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $10,224.10 in connection with purchases of Symbotic securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of

---

[2] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Symbotic securities and is therefore, extremely motivated to pursue claims in this action.

Further, Movant lives in New Jersey and has been investing for over 50 years. He was the SVP of Prudential and Jeffries.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely movant.

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against it that would render Movant inadequate to represent the Class.

## II.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents and commencing the first-filed case in this District. Furthermore, the firm has an

extensive history of bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in courts throughout the country. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order; (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: February 3, 2025                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Joshua Baker
Joshua Baker, Esq. (BBO #695561)
Laurence M. Rosen, Esq. (*pro hac vice* to be submitted)
Phillip Kim, Esq. (*pro hac vice* to be submitted)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: jbaker@rosenlegal.com
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

8

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2025, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JOSEPH DE JOHN TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Joshua Baker</u>