**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MATTHEW DECKER, Individually and On Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>     v.<br><br>SYMBOTIC INC., RICHARD B. COHEN, MARIA G. FREVE, and CAROL HIBBARD,<br><br>               Defendants. | Case No.: 1:24-cv-12976-DJC |

**JOINT MOTION APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL AND SETTING SCHEDULE FOR FILING AMENDED COMPLAINT**

Pursuant to Local Rule 7.1(b)(4), the parties to the above-captioned matter by and through their undersigned counsel respectfully submit this Motion for an order resolving the pending motion for lead plaintiff and setting a schedule for filing an amended complaint and responses thereto.

1.     The Complaint in the above-captioned action asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 on behalf of a putative class of shareholders who purchased or otherwise acquired publicly traded Symbotic Inc. ("Symbotic") securities between February 8, 2024, and November 26, 2024, inclusive (the "*Decker* Action").

2.     The *Decker* Action was the second of two cases filed against Symbotic alleging Exchange Act claims. The first action, styled *Fox v. Symbotic Inc., et al.*, No. 1:24-cv-12090-NMG (D. Mass.) (the "*Fox* Action"), asserted substantially similar claims but on behalf of a smaller

putative class. The *Fox* Action defined the class to include all investors who purchased or otherwise acquired Symbotic securities between May 6, 2024, to July 29, 2024, inclusive.

3.     Given that the *Fox* and *Decker* Actions both asserted class action claims under the Exchange Act, the two actions were subject to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4 ("PSLRA"). This included the PSLRA's provisions concerning consolidation and the appointment of a lead plaintiff and lead counsel.

4.     In pertinent part, these provisions within the PSLRA require courts to consolidate actions asserting the same or substantially similar claims and then appoint a member of the purported class to serve as lead plaintiff and approve his or her attorneys as lead counsel. *See* 15 U.S.C. §§78u-4(a)(3)(B).

5.     On March 10, 2025, prior to any consolidation of the *Fox* and *Decker* Actions, Plaintiff Virginia Fox in the *Fox* Action filed a Notice of Voluntary Dismissal. *See Fox* Action, ECF No. 41. Consequently, the *Decker* Action is now the only action pending, thereby rendering moot the need for consolidation and/or resolution of any pending motions in that action.

6.     Having met and conferred, all parties agree that the *Decker* Action may now proceed with the appointment of a lead plaintiff and setting of a schedule for amendment of the pleadings, as set forth below.

7.     Movant Jeffrey Adam Traina timely filed a motion for lead plaintiff. ECF No. 10. Mr. Traina's motion is unopposed. *See* ECF No. 16. As stated in Mr. Traina's motion, he possesses a significant financial interest in the outcome of the litigation with losses of approximately $98,360. *See* ECF No. 11, p. 7. Mr. Traina also filed a certification confirming his willingness to serve as a class representative and provided a declaration containing information about his educational and professional background. *See* ECF Nos. 12-1, 12-4. Mr. Traina respectfully

submits that his motion may be granted in its entirety and that he may be appointed lead plaintiff and his attorneys at Levi & Korsinsky, LLP approved as lead counsel.

8.    Defendants do not oppose Mr. Traina's motion but instead reserve all rights, objections and arguments concerning Mr. Traina's adequacy and/or typicality for later in the proceedings, including but not limited to class certification proceedings.

9.    Provided the Court is inclined to grant Mr. Traina's motion for lead plaintiff and approve his selection for lead counsel, the parties propose the following schedule for amendment of the pleadings and responses thereto:

      a.  Lead plaintiff will file an amended complaint sixty (60) days from entry of the accompanying proposed order;

      b.  Defendants will respond to the amended complaint sixty (60) days after it is filed;

      c.  If Defendants file a motion to dismiss in response to the amended complaint, lead plaintiff will oppose the motion sixty (60) days after it is filed and Defendants will file a reply in response and further support of the motion thirty (30) days after the opposition is filed.

WHEREFORE, the parties respectfully move this Court for entry of an order appointing Jeffrey Adam Traina as Lead Plaintiff and his attorneys at Levi & Korsinsky, LLP as Lead Counsel and approving the above schedule for filing an amended complaint and responses thereto.


[Signature blocks on following page]

Respectfully Submitted,

Dated: March 10, 2025

/s/ Joshua Baker

Joshua Baker (BBO #695561)
Phillip Kim (*pro hac vice* forthcoming)
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, New York 10016
Tel. (212) 686-1060
Fax: (212) 202-3827
jbaker@rosenlegal.com
philkim@rosenlegal.com

*Attorneys for Plaintiff Matthew Decker*

Dated: March 10, 2025

/s/ Shannon L. Hopkins

Shannon L. Hopkins (BBO #657485)
LEVI & KORSINSKY, LLP
1111 Summer Street, Suite 403
Stamford, Connecticut 06905
Tel. (203) 992-4523
Fax: (212) 363-7500
shopkins@zlk.com

Adam M. Apton (*pro hac vice*
forthcoming)
33 Whitehall Street, 17th Floor
New York, New York 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
aapton@zlk.com

*Attorneys for Lead Plaintiff Movant*
*Jeffrey Adam Traina*

4

Dated: March 10, 2025

*/s/ Michael G. Bongiorno*
Michael G. Bongiorno (BBO #558748)
Andrew S. Dulberg (BBO #675405)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
michael.bongiorno@wilmerhale.com
andrew.dulberg@wilmerhale.com

*Attorneys for Defendants*

## LOCAL RULE 7.1(A)(2) CERTIFICATE

I, Shannon L. Hopkins, hereby certify that counsel for the parties conferred regarding the relief requested in the foregoing motion and the parties join in the relief sought.

*s/ Shannon L. Hopkins*
Shannon L. Hopkins

**IT IS SO ORDERED.**

Dated: _____                    _____
                                          Hon. Denise J. Casper, U.S.D.J.

5