**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MATTHEW DECKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SYMBOTIC INC., RICHARD B. COHEN, THOMAS C. ERNST, CAROL J. HIBBARD, and WALTER ODISHO,<br><br>Defendants. | No. 1:24-cv-12976-DJC<br><br>**ANSWER TO AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants Symbotic Inc. ("Symbotic" or the "Company"), Richard B. Cohen, Carol J. Hibbard, and Walter Odisho (collectively "Defendants") respectfully submit this Answer to the Amended Class Action Complaint, Dkt. No. 23 ("Complaint").[1] Defendants make this Answer based on their current knowledge, recollection, and information, and they expressly reserve the right to amend and/or supplement their Answer as may be necessary.

Except as expressly admitted herein, Defendants deny each and every allegation of fact and conclusion of law set forth in the Complaint and in every respect deny liability, deny that they engaged in any improper conduct, and deny that Lead Plaintiff Jeffrey Adam Traina and Additional Plaintiff Joseph De John (together, "Plaintiffs") are entitled to relief. To the extent the Complaint references excerpts from documents and third-party publications, Defendants deny any characterization of such documents in the Complaint (including bolding, italics, or paraphrasing), as the documents speak for themselves, and further deny that any selective quotation from such documents by Plaintiffs accurately characterizes or quotes from the documents, reflects the full

[1] The Court has dismissed Thomas C. Ernst from the action.

contents of the documents, or that the contents of any such documents are accurate or complete. Responses to allegations concerning statements made before February 5, 2024, or after May 6, 2024, and statements related to the allegations in the Complaint concerning financial statements, Generally Accepted Accounting Principles, forecasts, and Sarbanes-Oxley Act certifications should not be interpreted as an admission or acknowledgment that such allegations are relevant or otherwise proper and actionable, or remain a part of this matter, given the Court's dismissal of all claims concerning those allegations. Responses to allegations concerning certain statements made on February 5, 2024, or on May 6, 2024, should not be interpreted as an admission or acknowledgment that such allegations are relevant or otherwise proper and actionable, or remain a part of this matter, given the Court's dismissal of certain claims concerning those allegations. In addition, Defendants deny the allegations contained in the headings, subheadings, and averments in the table of contents in the Complaint.

Paragraph numbers in this Answer correspond to paragraph numbers in the Complaint and respond to the allegations in each such paragraph. Unless redefined in this Answer, capitalized terms used herein have the definitions set forth in the Complaint, but Defendants do not admit that those definitions are proper. With respect to the numbered paragraphs of the Complaint, Defendants respond as follows:

1. The allegations in Paragraph 1 purport to describe or characterize the Complaint, which speaks for itself, so no response is required. To the extent any response is required, Defendants admit the Complaint purports to assert claims under Sections 10(b) and 20(a) of the Exchange Act, but deny the allegations in Paragraph 1 to the extent they suggest that such claims are adequately alleged or otherwise meritorious. Defendants deny the remaining allegations in Paragraph 1.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and on that basis deny them.

3. Defendants admit that Richard B. Cohen ("Mr. Cohen"), Carol J. Hibbard ("Ms. Hibbard"), and Walter Odisho ("Mr. Odisho") (collectively, "Individual Defendants") were executive officers of Symbotic during part or all of the period from November 20, 2023 through February 5, 2025. The allegations in Paragraph 3 against Mr. Ernst relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. Defendants deny the remaining allegations in Paragraph 3.

4. Defendants admit that Symbotic's primary business during the Class Period was the sale of systems to large retailers and wholesalers. Defendants further admit that Walmart was Symbotic's largest customer during the Class Period. Defendants further admit that Walmart accounted for approximately 88% of Symbotic's total revenue in the fiscal year ended September 30, 2023. Defendants deny the remaining allegations in Paragraph 4.

5. The allegations in the third sentence of Paragraph 5 regarding Mr. Ernst's statement "to get it under 6 months" relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 5, and on that basis deny them. To the extent the remaining allegations in Paragraph 5 appear to quote and/or characterize the transcripts of Symbotic's earnings calls held on May 6, 2024 and May 7, 2025, Defendants deny any characterizations of those documents, which speak for themselves. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from those documents. Defendants deny the remaining allegations in Paragraph 5.

6. Defendants admit that Symbotic temporarily outsourced its deployment and supply chain function called Engineering, Procurement, and Construction ("EPC"). Defendants deny the remaining allegations in Paragraph 6.

7. The allegations in Paragraph 7 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 7 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 7 on that ground.

8. The allegations in Paragraph 8 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 8 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 8 on that ground.

9. The allegations in Paragraph 9 regarding statements that "Symbotic was continuing to 'accelerate our time to deploy systems[]' and 'shrink the time of deployments with the help of our partnership initiatives'" and "'our network of outsourcing parters is executing well[]' and 'ramping [up] so well,'" relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. To the extent the remaining allegations in Paragraph 9 appear to quote and/or characterize the transcript of Symbotic's earnings call held on February 5, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that

the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 9.

10. The allegations in Paragraph 10 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 10 on that ground.

11. The allegations in Paragraph 11 regarding "cost overruns" and "financial statements" relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. To the extent the remaining allegations in Paragraph 11 appear to quote and/or characterize Symbotic's May 9, 2024 Investor Day Presentation and the transcript of Symbotic's earnings call held on July 29, 2024, Defendants deny any characterizations of those documents, which speak for themselves. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from those documents. Defendants deny the remaining allegations in Paragraph 11.

12. The allegations in the first and second sentence of Paragraph 12 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. Defendants admit that Mr. Cohen caused the Richard B. Cohen Revocable Trust, the RBC 2021 4 Year GRAT, and RJJRP Holdings, Inc. to sell a total of 2,914,704 Symbotic shares at a price of $39.69, and the trustees of the RBC Millenium Trust caused the RBC Millenium Trust to sell 2,085,296 Symbotic shares at a price of $39.69, totaling 5 million shares of Symbotic stock for proceeds of $198,450,000. Defendants further admit that Symbotic brought its EPC function back in house. Defendants deny the remaining allegations in Paragraph 12.

13. To the extent the allegations in Paragraph 13 purport to quote the transcript of Symbotic's earnings call held on July 29, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 13.

14. Defendants admit Symbotic's stock price declined approximately 24% between July 29, 2024 and July 30, 2024, and that Symbotic's stock price decreased from a closing price of $35.63 per share on July 29, 2024 to a closing price of $27.25 per share on July 30, 2024, but lack knowledge or information sufficient to form a belief as to the cause. Defendants deny the remaining allegations in Paragraph 14.

15. The allegations in the first sentence of Paragraph 15 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. Defendants admit Symbotic's stock price declined approximately 36% between November 26, 2024 and November 27, 2024, and that Symbotic's stock price decreased from a closing price of $37.41 per share on November 26, 2024 to a closing price of $24.00 per share on November 27, 2024, but lack knowledge or information sufficient to form a belief as to the cause. Defendants deny the remaining allegations in Paragraph 15.

16. The allegations in the second sentence of Paragraph 16 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. To the extent the remaining allegations in Paragraph 16 appear to quote and/or characterize the transcript of Symbotic's earnings call held on February 5, 2025, Defendants deny any characterizations of that document, which speaks for itself. To the

extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

17. Defendants admit Symbotic's stock price declined approximately 16% between February 5, 2025 and February 6, 2025, and that Symbotic's stock price decreased from a closing price of $30.92 per share on February 5, 2025 to a closing price of $25.99 per share on February 6, 2025, but lack knowledge or information sufficient to form a belief as to the cause. Defendants deny the remaining allegations in Paragraph 17.

18. The allegations in Paragraph 18 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 18.

19. The allegations in Paragraph 19 state legal conclusions, so no response is required. To the extent any response is required, Defendants admit the Complaint purports to assert claims under Sections 10(b) and 20(a) of the Exchange Act but deny the allegations in Paragraph 19 to the extent they suggest that such claims are adequately alleged or otherwise meritorious.

20. The allegations in Paragraph 20 state legal conclusions, so no response is required. To the extent any response is required, Defendants admit that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1337, and Section 27 of the Exchange Act, 15 U.S.C. §78aa.

21. Defendants admit that Symbotic is headquartered in Massachusetts. The remaining allegations in Paragraph 21 state legal conclusions, so no response is required. To the extent any response is required, Defendants admit venue is proper in this District under §27 of the Exchange Act and 28 U.S.C. §1391(b). Defendants deny the remaining allegations in Paragraph 21.

22. The allegations in Paragraph 22 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 22.

23. To the extent the allegations in Paragraph 23 consist of Plaintiffs' characterization of ECF No. 12-1, Defendants deny any characterizations of that document, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and on that basis deny them. For the avoidance of doubt, Defendants deny that the Complaint adequately alleges fraud and further deny that Lead Plaintiff Jeffrey Adam Traina was damaged as a result of any such alleged fraud.

24. To the extent the allegations in Paragraph 24 consist of Plaintiffs' characterization of ECF No. 15-2, Defendants deny any characterizations of that document, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and on that basis deny them. For the avoidance of doubt, Defendants deny that the Complaint adequately alleges fraud and further deny that Plaintiff Joseph De John was damaged as a result of any such alleged fraud.

25. Defendants admit the allegations in Paragraph 25.

26. Defendants admit the allegations in Paragraph 26.

27. Defendants admit that Mr. Cohen served as Chairman of Symbotic from at least June 2022 to present and as Chief Executive Officer of Symbotic from November 19, 2022 to present.

28. To the extent any response is required, Defendants admit that Mr. Ernst served as Symbotic's Chief Financial Officer from September 10, 2020 to December 15, 2023. Defendants further note the Court dismissed Mr. Ernst as a defendant.

29. Defendants admit that Ms. Hibbard served as Symbotic's Chief Financial Officer and Treasurer from December 15, 2023 to August 8, 2025 and that Ms. Hibbard continued her

employment at Symbotic as a Senior Vice President to assist Symbotic in transitioning to a new CFO until January 1, 2026.

30. Defendants admit that Mr. Odisho served as Symbotic's Chief Manufacturing and Supply Chain Officer from October 2023 to present.

31. The allegations in Paragraph 31 purport to describe or characterize the Complaint, which speaks for itself, so no response is required. Defendants further note the Court dismissed Mr. Ernst as a Defendant.

32. The allegations in Paragraph 32 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 32.

33. The allegations in Paragraph 33 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 33.

34. The allegations in Paragraph 34 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 34.

35. The allegations in Paragraph 35 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 35 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 35 on that ground.

36. The allegations in Paragraph 36 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 36 accurately summarize that

information. To the extent any further response is required, Defendants deny the allegations in Paragraph 36 on that ground.

37. The allegations in Paragraph 37 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 37 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 37 on that ground.

38. The allegations in Paragraph 38 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 38 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 38 on that ground.

39. The allegations in Paragraph 39 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 39 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 39 on that ground.

40. Defendants admit that the Company's systems manage every aspect of warehouse logistics, from the time merchandise is off-loaded from a producer's truck or container until that merchandise is ready to be delivered to a store, pick-up location, or individual customer. To the

extent the allegations in Paragraph 40 appear to quote and/or characterize Symbotic's Form 8-K filed with the SEC on May 6, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 40.

41. Defendants admit the benefits of Symbotic's systems are that they allow for: (i) faster order fulfillment; (ii) lower operating costs that allow retailers to offer more competitive pricing and improve profitability; (iii) speedier inventory turns so retailers can sell products and restock faster; and (iv) improved inventory management, which lowers the risk of running out of product in times of high demand.

42. Defendants admit the allegations in Paragraph 42.

43. Defendants admit that Symbotic's platform and applications differentiate its system from competitors by using high-speed, fully autonomous mobile robots, some of which travel up to 25 miles-per-hour, controlled by A.I.-enabled system software, to move goods through its proprietary buffering structure.

44. Defendants admit that Symbotic's automation systems accounted for approximately 96.70% of Symbotic's total revenue in fiscal year 2023 and 95.37% of Symbotic's revenue in fiscal year 2024 and that the remainder of Symbotic's revenues are derived from software maintenance and support and operations services after deployment of the system has been completed. Defendants further admit that the chart in Paragraph 44 purports to demonstrate Symbotic's revenues by segment for fiscal years 2022–2024. Defendants deny the remaining allegations in Paragraph 44.

45. Defendants admit that Symbotic deploys systems in three phases: (1) Procurement; (2) Installation; and (3) Commissioning, and that the systems become operational upon acceptance, at which point the customer takes over. Defendants deny the remaining allegations in Paragraph 45.

46. Defendants admit Procurement phase begins with a project statement of work encompassing the system design and bill of materials and includes delivery to the job site of finished goods such as bots, adapter cells, lift systems and iron scaffolding and that the Installation phase involves building the system and has several components, including EPC. To the extent the allegations in Paragraph 46 purport to quote and/or characterize the transcript of Symbotic's earnings call held on July 29, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

47. To the extent the allegations in Paragraph 47 purport to quote and/or characterize the transcript of Symbotic's earnings calls held on May 6, 2024 and July 29, 2024, Defendants deny any characterizations of those documents, which speak for themselves. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from those documents.

48. Defendants admit Commissioning ends in customer acceptance, at which point deployment is complete and Symbotic begins charging a software maintenance fee. Defendants further admit that revenues from software maintenance fees amounted to 0.56% of the Company's total revenues in fiscal year 2023 and 0.79% of total revenues in fiscal year 2024. Defendants deny the remaining allegations in Paragraph 48.

49. Defendants admit the allegations in Paragraph 49.

50. Defendants admit that Symbotic recognizes most of its revenue from the systems' lifecycles during the Installation phase, during which it incurs the largest portion of costs. To the extent the allegations in Paragraph 50 purport to quote and/or characterize Symbotic's May 18, 2023 Investor Day Presentation and the transcript of Symbotic's earnings call held on May 6, 2024, Defendants deny any characterizations of those documents, which speak for themselves. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from those documents. Defendants deny the remaining allegations in Paragraph 50.

51. The allegations in the fourth sentence of Paragraph 51 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 51 accurately summarize that information. To the extent any further response is required, Defendants deny those allegations on that ground. To the extent the remaining allegations in Paragraph 51 consist of Plaintiffs' characterization of the transcript of Symbotic's earnings call held on November 20, 2023 and appear to quote and/or characterize the transcript of Symbotic's earnings call held on May 7, 2025, Defendants deny any characterizations of those documents, which speak for themselves. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from those documents. Defendants deny the remaining allegations in Paragraph 51.

52. Defendants admit that Walmart was Symbotic's largest customer during the Class Period. Defendants further admit that Walmart accounted for approximately 88% of Symbotic's total revenue in the fiscal year ended September 30, 2023. To the extent the allegations in Paragraph 52 appear to quote and/or characterize Symbotic's Form 10-K filed with the SEC on

December 11, 2023, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 52.

53. To the extent the allegations in Paragraph 53 consist of Plaintiffs' characterization of a Seeking Alpha article dated July 6, 2023, Defendants deny any characterizations of that document, which speaks for itself.

54. Defendants admit that throughout the Class Period, Symbotic disclosed several key metrics, including new system deployments started, systems that went operational, total backlog, and adjusted EBITDA (earnings before interest, taxes, depreciation and amortization). Defendants deny the remaining allegations in Paragraph 54.

55. Defendants admit Symbotic's new system deployments started metric is a measure of how many new system deployments are started in a given period. To the extent the allegations in Paragraph 55 purport to quote and/or characterize the transcript of Symbotic's earnings call held on July 29, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 55.

56. Defendants admit that systems that went operational are the number of systems that completed deployment and backlog consists of all the orders from customers that have yet to be started. Defendants deny the remaining allegations in Paragraph 56.

57. The allegations in Paragraph 57 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 57 accurately summarize that

information. To the extent any further response is required, Defendants deny the allegations in Paragraph 57 on that ground.

58. The allegations in Paragraph 58 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 58 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 58 on that ground.

59. To the extent the allegations in Paragraph 59 purport to quote and/or characterize Symbotic's May 9, 2024 Investor Day Presentation, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

60. Defendants admit the allegations in Paragraph 60.

61. Defendants admit that the chart in Paragraph 61 summarizes for quarters Q4 2023 through Q1 2025 Symbotic's approximate total backlog, total customers added, system deployments started, system deployments completed, revenue (as restated and in millions), percentage change in revenue year-over-year, adjusted EBITDA (as restated and in millions), and net income (as restated). Defendants deny the remaining allegations in Paragraph 61.

62. The allegations in Paragraph 62 regarding "revenue" and "financial forecasts" relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. To the extent any response is required, Defendants deny the remaining allegations in Paragraph 62.

63. The allegations in Paragraph 63 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 63 on that ground.

64. The allegations in Paragraph 64 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 64 on that ground.

65. The allegations in Paragraph 65 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 65 on that ground.

66. To the extent the allegations in Paragraph 66 purport to quote and/or characterize the transcript of Symbotic's earnings call held on February 5, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 66.

67. To the extent the allegations in Paragraph 67 appear to quote and/or characterize the transcripts of Symbotic's earnings calls held on January 30, 2023 and July 29, 2024, Defendants deny any characterizations of those documents, which speak for themselves. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from those documents. Defendants deny the remaining allegations in Paragraph 67.

68. To the extent the allegations in Paragraph 68 purport to quote and/or characterize the transcript of Symbotic's earnings call held on January 30, 2023, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required,

Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 68.

69. To the extent the remaining allegations in Paragraph 69 purport to quote and/or characterize the transcript of Symbotic's earnings call held on January 30, 2023, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

70. The allegations in Paragraph 70 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 70 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 70 on that ground.

71. The allegations in Paragraph 71 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 71 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 71 on that ground.

72. The allegations in Paragraph 72 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 72 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in

Paragraph 72 on that ground. To the extent the allegations in Paragraph 72 rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis deny them.

74. The allegations in Paragraph 74 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 74 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 74 on that ground.

75. The allegations in Paragraph 75 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 75 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 75 on that ground.

76. The allegations in Paragraph 76 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 76 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 76 on that ground.

77. The allegations in Paragraph 77 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 77 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 77 on that ground.

78. The allegations in Paragraph 78 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 78 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 78 on that ground.

79. The allegations in Paragraph 79 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 79 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 79 on that ground.

80. The allegations in Paragraph 80 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 80 accurately summarize that

information. To the extent any further response is required, Defendants deny the allegations in Paragraph 80 on that ground.

81. The allegations in Paragraph 81 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 81 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 81 on that ground.

82. The allegations in Paragraph 82 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 82 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 82 on that ground. To the extent the allegations in Paragraph 82 rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.

83. The allegations in Paragraph 83 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 83 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 83 on that ground. To the extent the allegations in Paragraph 83 rely upon and cite other

allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.

84. The allegations in Paragraph 84 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 84 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 84 on that ground.

85. The allegations in Paragraph 85 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 85 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 85 on that ground.

86. The allegations in Paragraph 86 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 86 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 86 on that ground. To the extent the allegations in Paragraph 86 rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.

87. The allegations in Paragraph 87 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 87 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 87 on that ground. To the extent the allegations in Paragraph 87 rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.

88. The allegations in Paragraph 88 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 88 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 88 on that ground. To the extent the allegations in Paragraph 88 rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.

89. The allegations in Paragraph 89 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 89 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 89 on that ground.

90. The allegations in Paragraph 90 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 90 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 90 on that ground. To the extent the allegations in Paragraph 90 rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.

91. The allegations in Paragraph 91 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 91 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 91 on that ground.

92. The allegations in Paragraph 92 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 92 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 92 on that ground.

93. The allegations in Paragraph 93 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told

Plaintiffs' counsel, and whether the allegations in Paragraph 93 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 93 on that ground. To the extent the allegations in Paragraph 93 rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.

94. The allegations in Paragraph 94 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 94 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 94 on that ground.

95. The allegations in Paragraph 95 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 95 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 95 on that ground.

96. The allegations in Paragraph 96 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 96 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 96 on that ground.

97. The allegations in Paragraph 97 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 97 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 97 on that ground.

98. To the extent the allegations in Paragraph 98 purport to quote and/or characterize Symbotic's May 9, 2024 Investor Day Presentation, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 98.

99. To the extent the allegations in Paragraph 99 purport to quote and/or characterize Symbotic's May 9, 2024 Investor Day Presentation, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

100. The allegations in Paragraph 100 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 100 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 100 on that ground.

101. The allegations in Paragraph 101 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is

required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 101 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 101 on that ground.

102. To the extent the allegations in Paragraph 102 purport to quote and/or characterize the transcript of Symbotic's earnings call held on July 29, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

103. To the extent the allegations in Paragraph 103 purport to quote and/or characterize the transcript of Symbotic's earnings call held on July 29, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 103. To the extent the allegations in Paragraph 103 rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.

104. To the extent the allegations in Paragraph 104 purport to quote and/or characterize the transcript of Symbotic's earnings call held on July 29, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

105. To the extent the allegations in Paragraph 105 consist of legal conclusions, no response is required. To the extent any response is required and the allegations in Paragraph 105 consist of Plaintiffs' characterization of the transcript of Symbotic's earnings call held on July 29,

2024, Defendants deny any characterizations of that document, which speaks for itself. Defendants deny the remaining allegations in Paragraph 105.

106. The allegations in Paragraph 106 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 106 on that ground.

107. The allegations in Paragraph 107 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 107 on that ground.

108. The allegations in Paragraph 108 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 108 on that ground.

109. The allegations in Paragraph 109 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 109 on that ground.

110. The allegations in Paragraph 110 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 110 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 110 on that ground.

111. The allegations in Paragraph 111 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW

told Plaintiffs' counsel, and whether the allegations in Paragraph 111 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 111 on that ground.

112. The allegations in Paragraph 112 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 112 on that ground.

113. The allegations in Paragraph 113 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 113 on that ground.

114. The allegations in Paragraph 114 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 114 on that ground.

115. The allegations in Paragraph 115 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 115 on that ground.

116. The allegations in Paragraph 116 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 116 on that ground.

117. The allegations in Paragraph 117 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 117 on that ground.

118. The allegations in Paragraph 118 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 118 on that ground.

119. The allegations in Paragraph 119 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 119 on that ground.

120. The allegations in Paragraph 120 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 120 on that ground.

121. The allegations in Paragraph 121 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 121 on that ground.

122. The allegations in Paragraph 122 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 122 on that ground.

123. The allegations in Paragraph 123 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 123 on that ground.

124. The allegations in Paragraph 124 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 124 on that ground.

125. The allegations in Paragraph 125 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 125 on that ground.

126. The allegations in Paragraph 126 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 126 on that ground.

127. The allegations in Paragraph 127 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 127 on that ground.

128. The allegations in Paragraph 128 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 128 on that ground.

129. The allegations in Paragraph 129 and the footnote cited therein relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 129 and the footnote cited therein on that ground. To the extent the allegations in Paragraph 129 rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.

130. The allegations in Paragraph 130 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 130 on that ground.

131. The allegations in Paragraph 131 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 131 on that ground.

132. The allegations in Paragraph 132 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 132 on that ground.

133. The allegations in Paragraph 133 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 133 on that ground.

134. The allegations in Paragraph 134 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 134 on that ground.

135. The allegations in Paragraph 135 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 135 on that ground.

136. The allegations in Paragraph 136 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 136 on that ground.

137. The allegations in parts (1) and (4)–(6) in Paragraph 137 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. The remaining allegations in Paragraph 137 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the remaining allegations in Paragraph 137.

138. The allegations in Paragraph 138 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 138 on that ground.

139. The allegations in Paragraph 139 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 139 on that ground.

140. The allegations in Paragraph 140 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 140 on that ground.

141. The allegations in Paragraph 141 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 141 on that ground.

142. The allegations in Paragraph 142 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 142 on that ground.

143. The allegations in Paragraph 143 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 143 on that ground.

144. The allegations in Paragraph 144 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 144 on that ground.

145. The allegations in Paragraph 145 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 145 on that ground.

146. The allegations in Paragraph 146 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 146 on that ground.

147. The allegations in Paragraph 147 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 147 on that ground.

148. The allegations in Paragraph 148 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 148 on that ground.

149. The allegations in Paragraph 149 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 149 on that ground.

150. The allegations in Paragraph 150 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 150 on that ground.

151. The allegations in Paragraph 151 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 151 on that ground.

152. The allegations in Paragraph 152 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 152 on that ground.

153. The allegations in Paragraph 153 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 153 on that ground.

154. The allegations in Paragraph 154 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 154 on that ground.

155. The allegations in Paragraph 155 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 155 on that ground.

156. The allegations in Paragraph 156 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 156 on that ground.

157. The allegations in Paragraph 157 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 157 on that ground.

158. The allegations in Paragraph 158 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 158 on that ground.

159. The allegations in Paragraph 159 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 159 on that ground.

160. The allegations in Paragraph 160 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 160 on that ground.

161. The allegations in Paragraph 161 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 161 on that ground.

162. The allegations in Paragraph 162 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 162 on that ground.

163. The allegations in Paragraph 163 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 163 on that ground.

164. The allegations in Paragraph 164 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 164 on that ground.

165. The allegations in Paragraph 165 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 165 on that ground.

166. The allegations in Paragraph 166 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 166 on that ground.

167. The allegations in Paragraph 167 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 167 on that ground.

168. The allegations in Paragraph 168 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 168 on that ground.

169. To the extent the allegations in Paragraph 169 appear to quote and/or characterize the transcript of Symbotic's earnings call held on February 5, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

170. The allegations in Paragraph 170 regarding the "above statements" in Paragraphs 161–68 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. The remaining allegations in Paragraph 170 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the remaining allegations in Paragraph 170.

171. The allegations in Paragraph 171 regarding Ms. Hibbard and Mr. Cohen's statements in Paragraphs 161–68 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. The remaining allegations in Paragraph 171 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the remaining allegations in Paragraph 171.

172. The allegations in the first sentence of Paragraph 172 relate to claims that the Court dismissed because Paragraph 172 erroneously attributes statements to Mr. Ernst that the Complaint elsewhere attributes to Mr. Cohen and Ms. Hibbard, so no response is required. To the extent any

response is required, Defendants deny those allegations on that ground. The remaining allegations in Paragraph 172 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the remaining allegations in Paragraph 172. To the extent the allegations in Paragraph 172 rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.

173. The allegations in Paragraph 173 regarding the "Defendants' statements" in Paragraphs 161–68 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. To the extent the remaining allegations in Paragraph 173 purport to quote and/or characterize a Cantor Fitzgerald analyst report dated February 6, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 173.

174. The allegations in Paragraph 174 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 174 on that ground.

175. The allegations in Paragraph 175 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 175 on that ground.

176. The allegations in Paragraph 176 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 176 on that ground.

177. The allegations in Paragraph 177 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 177 on that ground.

178. The allegations in Paragraph 178 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 178 on that ground.

179. The allegations in Paragraph 179 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 179 on that ground.

180. The allegations in Paragraph 180 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 180 on that ground.

181. The allegations in Paragraph 181 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 181 on that ground.

182. The allegations in Paragraph 182 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 182 on that ground.

183. The allegations in Paragraph 183 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 183 on that ground.

184. The allegations in Paragraph 184 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 184 on that ground.

185. The allegations in Paragraph 185 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 185 on that ground.

186. The allegations in Paragraph 186 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 186 on that ground.

187. The allegations in Paragraph 187 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 187 on that ground.

188. The allegations in Paragraph 188 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 188 on that ground.

189. The allegations in Paragraph 189 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 189 on that ground.

190. The allegations in Paragraph 190 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 190 on that ground.

191. To the extent the allegations in Paragraph 191 purport to quote and/or characterize the transcript of Symbotic's earnings call held on May 6, 2024, Defendants deny any

characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what was "a key metric to investors and analysts," and on that basis deny them.

192. The allegations in Paragraph 192 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 192 on that ground.

193. The allegations in Paragraph 193 regarding the "above statements" in Paragraphs 187–90 and 192 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. The remaining allegations in Paragraph 193 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the remaining allegations in Paragraph 193.

194. The allegations in Paragraph 194 regarding Mr. Cohen's and Ms. Hibbard's statements in Paragraphs 187–90 and 192 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. The remaining allegations in Paragraph 194 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the remaining allegations in Paragraph 194.

195. The allegations in Paragraph 195 regarding Mr. Cohen's and Ms. Hibbard's statements in Paragraphs 187–90 and 192 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. The remaining allegations in Paragraph 195 state legal conclusions, so no response is

required. To the extent any response is required, Defendants deny the remaining allegations in Paragraph 195.

196. The allegations in Paragraph 196 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 196 on that ground.

197. The allegations in Paragraph 197 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 197 on that ground.

198. The allegations in Paragraph 198 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 198 on that ground.

199. The allegations in Paragraph 199 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 199 on that ground.

200. The allegations in Paragraph 200 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 200 on that ground.

201. The allegations in Paragraph 201 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 201 on that ground.

202. The allegations in Paragraph 202 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 202 on that ground.

203. The allegations in Paragraph 203 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 203 on that ground.

204. The allegations in Paragraph 204 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 204 on that ground.

205. The allegations in Paragraph 205 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 205 on that ground.

206. The allegations in Paragraph 206 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 206 on that ground.

207. The allegations in Paragraph 207 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 207 on that ground.

208. The allegations in Paragraph 208 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 208 on that ground.

209. The allegations in Paragraph 209 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 209 on that ground.

210. The allegations in Paragraph 210 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 210 on that ground.

211. The allegations in Paragraph 211 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 211 on that ground.

212. The allegations in Paragraph 212 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 212 on that ground.

213. The allegations in Paragraph 213 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 213 on that ground.

214. The allegations in Paragraph 214 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 214 on that ground.

215. The allegations in Paragraph 215 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 215 on that ground.

216. The allegations in Paragraph 216 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 216 on that ground.

217. To the extent the allegations in Paragraph 217 purport to quote and/or characterize Symbotic's Form 8-K filed with the SEC on July 29, 2024, Defendants deny any characterizations

of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

218. Defendants admit that they held Symbotic's third quarter earnings call with analysts on July 29, 2024. To the extent the allegations in Paragraph 218 purport to quote and/or characterize the transcript of Symbotic's earnings call held on July 29, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

219. To the extent the allegations in Paragraph 219 purport to quote and/or characterize the transcript of Symbotic's earnings call held on July 29, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

220. To the extent the allegations in Paragraph 220 appear to quote and/or characterize the transcript of Symbotic's earnings call held on July 29, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. To the extent the allegations in Paragraph 220 rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.

221. To the extent the allegations in Paragraph 221 appear to quote and/or characterize the transcript of Symbotic's earnings call held on July 29, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. To the extent the allegations in Paragraph 221 rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.

222. To the extent the allegations in Paragraph 222 appear to quote and/or characterize the transcript of Symbotic's earnings call held on July 29, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

223. To the extent the allegations in Paragraph 223 appear to quote and/or characterize the transcript of Symbotic's earnings call held on July 29, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

224. The allegations in Paragraph 224 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 224 on that ground.

225. The allegations in Paragraph 225 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 225 on that ground.

226. The allegations in Paragraph 226 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 226 on that ground.

227. The allegations in Paragraph 227 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 227 on that ground.

228. Defendants admit Symbotic's stock price declined approximately 24% between July 29, 2024 and July 30, 2024, and that Symbotic's stock price declined from a closing price of $35.63 per share on July 29, 2024 to a closing price of $27.25 per share on July 30, 2024, but lack

knowledge or information sufficient to form a belief as to the cause. Defendants deny the remaining allegations in Paragraph 228.

229. The allegations in Paragraph 229 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 229 on that ground.

230. The allegations in Paragraph 230 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 230 on that ground.

231. The allegations in Paragraph 231 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 231 on that ground.

232. The allegations in Paragraph 232 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 232 on that ground.

233. The allegations in Paragraph 233 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 233 on that ground.

234. The allegations in Paragraph 234 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 234 on that ground.

235. The allegations in Paragraph 235 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 235 on that ground.

236. The allegations in Paragraph 236 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 236 on that ground.

237. The allegations in Paragraph 237 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 237 on that ground.

238. The allegations in Paragraph 238 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 238 on that ground.

239. The allegations in Paragraph 239 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 239 on that ground.

240. The allegations in Paragraph 240 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 240 on that ground.

241. The allegations in Paragraph 241 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 241 on that ground.

242. The allegations in Paragraph 242 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 242 on that ground.

243. The allegations in Paragraph 243 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 243 on that ground.

244. The allegations in Paragraph 244 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 244 on that ground.

245. The allegations in Paragraph 245 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 245 on that ground.

246. The allegations in Paragraph 246 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 246 on that ground.

247. The allegations in Paragraph 247 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 247 on that ground.

248. The allegations in Paragraph 248 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 248 on that ground.

249. The allegations in Paragraph 249 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 249 on that ground.

250. The allegations in Paragraph 250 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 250 on that ground.

251. The allegations in the first sentence of Paragraph 251 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. To the extent the remaining allegations in Paragraph 251 purport to quote and/or characterize the transcript of Symbotic's earnings call held on February 5, 2025, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 251. To the extent the allegations in Paragraph 251 rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.

252. The allegations in Paragraph 252 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 252 on that ground.

253. The allegations in Paragraph 253 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 253 on that ground.

254. The allegations in Paragraph 254 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 254 on that ground.

255. Defendants admit Symbotic's stock price declined approximately 36% between November 26, 2024 and November 27, 2024, and that Symbotic's stock price decreased from a

closing price of $37.41 per share on November 26, 2024 to a closing price of $24.00 per share on November 27, 2024, but lack knowledge or information sufficient to form a belief as to the cause. Defendants deny the remaining allegations in Paragraph 255.

256. The allegations in Paragraph 256 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 256 on that ground.

257. The allegations in Paragraph 257 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 257 on that ground.

258. The allegations in Paragraph 258 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 258 on that ground.

259. The allegations in Paragraph 259 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 259 on that ground.

260. The allegations in Paragraph 260 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 260 on that ground.

261. The allegations in Paragraph 261 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 261 on that ground.

262. The allegations in Paragraph 262 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 262 on that ground.

263. To the extent the allegations in Paragraph 263 consist of Plaintiffs' characterization of Symbotic's Form 8-K filed with the SEC on February 5, 2025, Defendants deny any characterizations of that document, which speaks for itself. Defendants deny the remaining allegations in Paragraph 263.

264. To the extent the allegations in Paragraph 264 purport to quote and/or characterize the transcript of Symbotic's earnings calls held on February 5, 2025 and May 7, 2025, Defendants deny any characterizations of those documents, which speak for themselves. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from those documents. Defendants deny the remaining allegations in Paragraph 264 on that ground.

265. The allegations in Paragraph 265 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 265 on that ground.

266. Defendants admit Symbotic's stock price declined approximately 16% between February 5, 2025 to February 6, 2025, and that Symbotic's stock price decreased from a closing price of $30.92 per share on February 5, 2025 to a closing price of $25.99 per share on February 6, 2025, but lack knowledge or information sufficient to form a belief as to the cause. Defendants deny the remaining allegations in Paragraph 266.

267. To the extent the allegations in Paragraph 267 purport to quote and/or characterize the transcript of Symbotic's earnings call held on May 7, 2025, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required,

Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 267.

268. To the extent the allegations in Paragraph 268 purport to quote and/or characterize Symbotic's Form 8-K filed with the SEC on May 15, 2025, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 268.

269. To the extent the allegations in Paragraph 269 consist of Plaintiffs' characterizations of Symbotic's Form 8-K filed with the SEC on June 9, 2025, Defendants deny any characterizations of that document, which speaks for itself. Defendants deny the remaining allegations in Paragraph 269.

270. The allegations in Paragraph 270 and the footnote cited therein relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 270 and the footnote cited therein on that ground.

271. The allegations in Paragraph 271 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 271 on that ground.

272. The allegations in Paragraph 272 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 272 on that ground.

273. The allegations in Paragraph 273 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 273 on that ground.

274. The allegations in Paragraph 274 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 274 on that ground.

275. The allegations in Paragraph 275 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 275 on that ground.

276. The allegations in Paragraph 276 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 276 on that ground.

277. The allegations in Paragraph 277 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 277 on that ground.

278. The allegations in Paragraph 278 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 278 on that ground.

279. The allegations in Paragraph 279 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 279 on that ground.

280. The allegations in Paragraph 280 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 280 on that ground.

281. The allegations in Paragraph 281 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 281 on that ground.

282. The allegations in Paragraph 282 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 282 on that ground.

283. The allegations in Paragraph 283 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 283 on that ground.

284. The allegations in Paragraph 284 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 284 on that ground.

285. The allegations in Paragraph 285 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 285 on that ground.

286. The allegations in Paragraph 286 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 286 on that ground.

287. The allegations in Paragraph 287 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 287 on that ground.

288. The allegations in Paragraph 288 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 288 on that ground.

289. The allegations in Paragraph 289 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 289 on that ground.

290. The allegations in Paragraph 290 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 290 on that ground.

291. The allegations in Paragraph 291 and the footnote cited therein relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 291 and the footnote cited therein on that ground.

292. The allegations in Paragraph 292 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 292 on that ground.

293. The allegations in Paragraph 293 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 293 on that ground.

294. The allegations in Paragraph 294 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 294 on that ground.

295. The allegations in Paragraph 295 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 295 on that ground.

296. The allegations in Paragraph 296 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 296 on that ground.

297. The allegations in Paragraph 297 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 297 on that ground.

298. The allegations in Paragraph 298 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 298.

299. To the extent the allegations in Paragraph 299 consist of legal conclusions, no response is required. To the extent any response is required and the allegations in Paragraph 299 consist of Plaintiffs' characterization of the transcript of Symbotic's earnings call held on July 29, 2024, Defendants deny any characterizations of that document, which speaks for itself. Defendants deny the remaining allegations in Paragraph 299.

300. To the extent the allegations in Paragraph 300 purport to quote and/or characterize the transcript of Symbotic's earnings call held on July 29, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

301. To the extent the allegations in Paragraph 301 purport to quote and/or characterize Symbotic's May 9, 2024 Investor Day Presentation, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the

allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 301.

302. To the extent the allegations in Paragraph 302 purport to quote and/or characterize the transcript of Symbotic's earnings call held on July 29, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

303. Defendants deny the allegations in Paragraph 303.

304. The allegations in the first and second sentence of Paragraph 304 and the allegations in the third sentence of Paragraph 304 regarding "cost overruns" relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. The remaining allegations in Paragraph 304 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 304 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 304.

305. The allegations in the first sentence of Paragraph 305 regarding "cost overruns" relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. The remaining allegations in Paragraph 305 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the

allegations in Paragraph 305 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 305 on that ground.

306. The allegations in Paragraph 306 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 306 on that ground.

307. The allegations in Paragraph 307 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 307 on that ground.

308. The allegations in Paragraph 308 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 308 on that ground.

309. The allegations in Paragraph 309 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 309 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 309 on that ground.

310. The allegations in Paragraph 310 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 310 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 310 on that ground.

311. The allegations in the first sentence of Paragraph 311 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in the first sentence of Paragraph 311 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in the first sentence of Paragraph 311 on that ground. To the extent the remaining allegations in Paragraph 311 purport to quote and/or characterize Symbotic's May 9, 2024 Investor Day Presentation, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 311. To the extent the allegations in Paragraph 311 rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.

312. The allegations in Paragraph 312 regarding "cost overruns" and "revenue" relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. Defendants deny the remaining allegations in Paragraph 312.

313. The allegations in Paragraph 313 regarding "costs" relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what was "of importance to the market," and on that basis deny them. Defendants deny the remaining allegations in Paragraph 313.

314. To the extent the allegations in Paragraph 314 purport to quote and/or characterize the transcript of Symbotic's earnings call held on January 30, 2023, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

315. To the extent the allegations in the first and second sentence of Paragraph 315 consist of Plaintiffs' characterization of the transcript of Symbotic's earnings call held on January 30, 2023, Defendants deny any characterizations of that document, which speaks for itself. Defendants deny the remaining allegations in Paragraph 315. To the extent the allegations in Paragraph 315 rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.

316. The allegations in Paragraph 316 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 316 on that ground.

317. The allegations in Paragraph 317 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 317 on that ground.

318. To the extent the allegations in Paragraph 318 purport to quote and/or characterize the transcript of Symbotic's earnings call held on February 5, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 318.

319. To the extent the allegations in Paragraph 319 consist of Plaintiffs' characterization of the transcript of Symbotic's earnings call held on February 5, 2024, Defendants deny any

characterizations of that document, which speaks for itself. Defendants deny the remaining allegations in Paragraph 319.

320. To the extent the allegations in Paragraph 320 purport to quote and/or characterize the transcript of Symbotic's earnings call held on May 6, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 320.

321. To the extent the allegations in Paragraph 321 purport to quote and/or characterize Symbotic's May 9, 2024 Investor Day Presentation, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 321.

322. The allegations in Paragraph 322 regarding "revenues" and "EBITDA" relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. The remaining allegations in Paragraph 322 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the remaining allegations in Paragraph 322.

323. The allegations in Paragraph 323 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 323 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 323 on that ground.

324. The allegations in Paragraph 324 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 324 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 324 on that ground.

325. The allegations in the first sentence of Paragraph 325 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in the first sentence of Paragraph 325 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in the first sentence of Paragraph 325 on that ground. To the extent the remaining allegations in Paragraph 325 appear to quote and/or characterize Symbotic's May 9, 2024 Investor Day Presentation, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 325.

326. To the extent the allegations in Paragraph 326 consist of legal conclusions, no response is required. To the extent any response is required, Defendants deny the remaining allegations in Paragraph 326.

327. The allegations in Paragraph 327 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 327 on that ground.

328. To the extent the allegations in Paragraph 328 purport to quote and/or characterize an agreement between GreenBox Systems LLC and Symbotic dated July 23, 2023, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 328.

329. To the extent the allegations in Paragraph 329 purport to quote and/or characterize an agreement among Walmart Inc., Symbotic, and Warehouse Technologies LLC dated May 20, 2022, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 329.

330. To the extent the allegations in Paragraph 330 consist of legal conclusions, no response is required. To the extent any response is required, Defendants deny the remaining allegations in Paragraph 330.

331. The allegations in Paragraph 331 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 331 accurately summarize that information. To the extent any further response is required, Defendants deny the allegations in Paragraph 331 on that ground.

332. The allegations in Paragraph 332 relate to claims that the Court found insufficient to support an inference of scienter, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to what any CW told Plaintiffs' counsel, and whether the allegations in Paragraph 332 accurately summarize that

information. To the extent any further response is required, Defendants deny the allegations in Paragraph 332 on that ground. To the extent the allegations in Paragraph 332 rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.

333. The allegations in Paragraph 333 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 333 on that ground.

334. The allegations in Paragraph 334 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 334 on that ground.

335. The allegations in Paragraph 335 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 335 on that ground.

336. The allegations in Paragraph 336 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 336 on that ground.

337. The allegations in Paragraph 337 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 337 on that ground.

338. The allegations in Paragraph 338 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 338 on that ground.

339. The allegations in Paragraph 339 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 339 on that ground.

340. Defendants admit that Symbotic's automation systems accounted for more than 95% of Symbotic's overall revenues in fiscal years 2022–2024. Defendants further admit that the chart in Paragraph 340 purports to demonstrate Symbotic's revenues by segment for fiscal years 2022–2024. Defendants deny the remaining allegations in Paragraph 340.

341. Defendants admit that quarterly reports included the number of new systems completed and deployed and that the backlog of system deployments throughout the Class Period totaled approximately $23 billion. Defendants deny the remaining allegations in Paragraph 341.

342. To the extent the allegations in Paragraph 342 purport to quote and/or characterize the transcript of Symbotic's earnings call held on January 30, 2023, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 342.

343. To the extent the allegations in Paragraph 343 purport to quote and/or characterize the transcript of Symbotic's earnings call held on February 5, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 343.

344. The allegations in Paragraph 344 state a legal conclusion, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 344.

345. The allegations in Paragraph 345 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 345 on that ground.

346. The allegations in Paragraph 346 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 346 on that ground.

347. The allegations in Paragraph 347 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 347 on that ground.

348. The allegations in Paragraph 348 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 348 on that ground.

349. To the extent the allegations in Paragraph 349 appear to quote and/or characterize Symbotic's Form 424B5 filed with the SEC dated February 21, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

350. Defendants admit that Mr. Cohen and the trustees of the RBC Millenium Trust caused entities, trusts, and GRATs to sell a total of 5,000,000 shares of Symbotic Class A common stock at a price of $39.69, for a combined total sales price of $198,450,000. Defendants deny the remaining allegations in Paragraph 350.

351. Defendants admit that, on February 26, 2024, Mr. Cohen caused the Richard B. Cohen Revocable Trust to sell 33,449 Symbotic shares, the RBC 2021 4 Year GRAT to sell 2,279,097 Symbotic shares, and RJJRP Holdings, Inc. to sell 602,158 Symbotic shares, all at a

price of $39.69, generating sale proceeds of $1,327,590.81, $90,457,359.93, and $23,899,651.02, respectively. Defendants further admit that, on February 26, 2024, the trustees of the RBC Millenium Trust caused the RBC Millenium Trust to sell 2,085,296 Symbotic shares at a price of $39.69, generating sale proceeds of $82,765,398.24. Defendants deny the remaining allegations in Paragraph 351.

352. The allegations in Paragraph 352 state a legal conclusion, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 352.

353. The allegations in Paragraph 353 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 353.

354. The allegations in Paragraph 354 regarding "financial results," "internal controls," "compliance with GAAP," and the "Company's internal accounting policies" relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. The remaining allegations in Paragraph 354 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the remaining allegations in Paragraph 354.

355. The allegations in Paragraph 355 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 355.

356. To the extent the allegations in Paragraph 356 appear to quote and/or characterize Symbotic's Form 8-K filed with the SEC on July 29, 2024 and the transcript of Symbotic's earnings call held on July 29, 2024, Defendants deny any characterizations of those documents, which speak for themselves. To the extent a response is required, Defendants admit that the

allegations accurately quote excerpts from those documents. Defendants deny the remaining allegations in Paragraph 356.

357. Defendants admit Symbotic's stock price declined approximately 24% between July 29, 2024 and July 30, 2024, and that Symbotic's stock price decreased from a closing price of $35.63 per share on July 29, 2024 to a closing price of $27.25 per share on July 30, 2024, but lack knowledge or information sufficient to form a belief as to the cause. Defendants deny the remaining allegations in Paragraph 357.

358. The allegations in Paragraph 358 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 358 on that ground.

359. To the extent the allegations in Paragraph 359 purport to quote and/or characterize a Northland Capital Markets analyst report dated July 29, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

360. To the extent the allegations in Paragraph 360 purport to quote and/or characterize a Cantor Fitzgerald analyst report dated July 29, 2024, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants deny the remaining allegations in Paragraph 360.

361. The allegations in Paragraph 361 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 361 on that ground.

362. The allegations in Paragraph 362 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 362 on that ground.

363. The allegations in Paragraph 363 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 363 on that ground.

364. Defendants admit Symbotic's stock price declined approximately 36% between November 26, 2024 and November 27, 2024, and that Symbotic's stock price decreased from a closing price of $37.41 per share on November 26, 2024 to a closing price of $24.00 per share on November 27, 2024, but lack knowledge or information sufficient to form a belief as to the cause. Defendants deny the remaining allegations in Paragraph 364.

365. The allegations in Paragraph 365 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 365 on that ground.

366. The allegations in Paragraph 366 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 366 on that ground.

367. The allegations in Paragraph 367 regarding the "receipt of an SEC subpoena" relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. To the extent the remaining allegations in Paragraph 367 consist of Plaintiffs' characterization of Symbotic's Form 8-K filed with the SEC on February 5, 2025, Defendants deny any characterizations of that document, which speaks for itself. Defendants deny the remaining allegations in Paragraph 367.

368. To the extent the allegations in Paragraph 368 purport to quote and/or characterize the transcript of Symbotic's earnings call held on February 5, 2025, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "analysts still believed," and on that basis deny them. Defendants deny the remaining allegations in Paragraph 368.

369. To the extent the allegations in Paragraph 369 appear to quote and/or characterize the transcript of Symbotic's earnings call held on February 5, 2025, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

370. The allegations in the first sentence regarding "reductions in system deployment time create capacity to support future customer demand" and the second sentence of Paragraph 370 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. The remaining allegations in Paragraph 370 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the remaining allegations in Paragraph 370.

371. Defendants admit Symbotic's stock price declined approximately 16% between February 5, 2025 and February 6, 2025, and that Symbotic's stock price decreased from a closing price of $30.92 per share on February 5, 2025 to a closing price of $25.99 per share on February 6, 2025, but lack knowledge or information sufficient to form a belief as to the cause. Defendants deny the remaining allegations in Paragraph 371.

372. To the extent the allegations in Paragraph 372 appear to quote and/or characterize a Raymond James analyst report dated February 5, 2025, Defendants deny any characterizations of that document, which speaks for itself. Defendants deny the remaining allegations in Paragraph 372. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

373. To the extent the allegations in Paragraph 373 purport to quote and/or characterize a Seeking Alpha article dated February 7, 2025, Defendants deny any characterizations of that document, which speaks for itself. To the extent a response is required, Defendants admit that the allegations accurately quote excerpts from that document.

374. The allegations in Paragraph 374 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 374.

375. The allegations in Paragraph 375 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 375.

376. The allegations in Paragraph 376 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 376.

377. The allegations in Paragraph 377 state a legal conclusion, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 377.

378. The allegations in Paragraph 378 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 378.

379. The allegations in Paragraph 379 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 379.

380. The allegations in the second and third sentence of Paragraph 380 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny those allegations on that ground. The remaining allegations in Paragraph 380 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the remaining allegations in Paragraph 380.

381. The allegations in Paragraph 381 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 381.

382. The allegations in Paragraph 382 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 382.

383. The allegations in Paragraph 383 state legal conclusions, so no response is required. To the extent any response is required, Defendants admit the Complaint purports to bring a class action pursuant to Rules 23(a) and (b)(3) on behalf of a Class consisting of all those who purchased or otherwise acquired Symbotic's securities during the Class Period. Defendants also admit that the Complaint purports to exclude from its definition of the Class the Defendants, the officers and directors of Symbotic at all relevant times, members of their immediate families, and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

384. To the extent the allegations in Paragraph 384 consist of legal conclusions, no response is required. To the extent any response is required, Defendants admit that Symbotic's securities were traded on the Nasdaq throughout the Class Period and, as of December 5, 2023, there were 83.7 million shares of the Company's Class A common stock outstanding. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 384, and on that basis deny them.

385. The allegations in Paragraph 385 state legal conclusions, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiffs' claims are typical of the claims of the other members of the Class. Defendants deny the remaining allegations in Paragraph 385.

386. To the extent the allegations in Paragraph 386 consist of legal conclusions, no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 386, and on that basis deny them.

387. The allegations in Paragraph 387 state a legal conclusion, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 387, and on that basis deny them.

388. The allegations in Paragraph 388 state legal conclusions, so no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 388, and on that basis deny them.

389. Defendants repeat each and every response to the allegations contained above as if fully set forth herein.

390. Defendants admit that Plaintiffs purport to assert claims under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC against the Defendants. Defendants deny the remaining allegations in Paragraph 390.

391. The allegations in Paragraph 391 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 391.

392. The allegations in Paragraph 392 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 392.

393. The allegations in Paragraph 393 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 393.

394. The allegations in Paragraph 394 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 394.

395. The allegations in Paragraph 395 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 395.

396. Defendants admit that Symbotic's securities were traded on the Nasdaq throughout the Class Period. The remaining allegations in Paragraph 396 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the remaining allegations in Paragraph 396.

397. The allegations in Paragraph 397 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 397.

398. The allegations in Paragraph 398 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 398.

399. Defendants repeat each and every response to the allegations contained above as if fully set forth herein.

400. The allegations in Paragraph 400 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 400 on that ground.

401. The allegations in Paragraph 401 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 401 on that ground.

402. The allegations in Paragraph 402 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 402 on that ground.

403. The allegations in Paragraph 403 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 403 on that ground.

404. The allegations in Paragraph 404 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 404 on that ground.

405. The allegations in Paragraph 405 relate to claims that the Court dismissed, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 405 on that ground.

406. Defendants repeat each and every response to the allegations contained above as if fully set forth herein.

407. The allegations in Paragraph 407 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 407.

408. The allegations in Paragraph 408 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 408.

409. The allegations in Paragraph 409 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 409.

410. The allegations in Paragraph 410 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 410.

411. The allegations in Paragraph 411 state legal conclusions, so no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 411.

## ANSWER TO PRAYER FOR RELIEF AND DEMAND FOR TRIAL BY JURY

Defendants admit that Plaintiffs purport to demand a trial by jury. Defendants deny that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

In further response to the Complaint and each claim asserted in this action, and without assuming the burden of proof, persuasion, or production as to any issue where such burden is not legally assigned to them, Defendants assert the following affirmative and other defenses. By asserting such defenses, Defendants do not in any way waive or limit any defenses raised by the denials, allegations, and averments set forth elsewhere in this Answer. Defendants expressly reserve the right to amend and/or supplement these defenses and assert any other defense as to which discovery, investigation, or further developments may establish a basis.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted as to any of the Defendants, including insofar as the Complaint does not plead with particularity facts giving rise to an actionable misstatement or omission, an inference of scienter, or loss causation.

**SECOND AFFIRMATIVE DEFENSE**

To the extent the claims alleged in the Complaint are based on expressions of corporate optimism or puffery, Plaintiffs and the alleged plaintiff class are barred from recovery in whole or in part because such statements of corporate optimism or puffery are non-actionable.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent the alleged misstatements concern genuinely held opinion under the principles set forth in *Omnicare, Inc. v. Laborers Dist. Council*, 575 U.S. 175 (2015).

**FOURTH AFFIRMATIVE DEFENSE**

None of the Defendants is liable as a control person under Section 20(a) of the Exchange Act because each of the Defendants at all times acted in good faith and did not directly or indirectly induce any act or acts allegedly constituting a violation of the Exchange Act. *See* 15 U.S.C. § 78t(a).

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that they were dismissed by the Court in its Order dated July 23, 2026.

**RESERVATION**

Defendants hereby reserve and assert all affirmative and other defenses available under federal law and any applicable state law. Defendants reserve the right to assert additional defenses, crossclaims, and third-party claims in the event that discovery, further investigation, or other developments may indicate that it would be appropriate. Defendants hereby reserve all rights to amend and/or supplement any and all defenses set forth herein.

## PRAYER

WHEREFORE, Defendants respectfully pray for judgment as follows:

1. That judgment be entered against Plaintiffs and in favor of Defendants, and each of them, on all claims asserted in this action;
2. That Plaintiffs' Prayer for Relief be denied;
3. That the remaining claims of the Complaint be dismissed with prejudice;
4. That Plaintiffs and members of the alleged plaintiff class take nothing by reason of the claims asserted in this action;
5. That the Court refuse to certify this suit as a class action;
6. For costs of suit herein; and
7. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendants demand a trial by jury on all issues triable by a jury.

Dated: August 28, 2026

Respectfully submitted,

*/s/ Michael G. Bongiorno*

Michael G. Bongiorno (BBO # 558748)
Andrew S. Dulberg (BBO # 675405)
Elizabeth E. Driscoll (BBO # 705302)
Margaux Malasky (BBO # 705494)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
michael.bongiorno@wilmerhale.com
andrew.dulberg@wilmerhale.com
elizabeth.driscoll@wilmerhale.com
margaux.malasky@wilmerhale.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Michael G. Bongiorno, certify that on the 28th day of August, 2026, the foregoing was electronically filed using the Court's electronic filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ *Michael G. Bongiorno*
Michael G. Bongiorno